UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN RE: STEVE A MCKENZIE, )
 )
        Debtor. )
 )
 )
C. KENNETH STILL, Trustee, )
 )
        Plaintiff, )
 )     1:11-cv-332
v. )     *Lee*
 )
CECIL PHILLIPS, )
 )
        Defendant. )

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Cecil Phillips' ("Defendant") motion to dismiss for failure to state a claim, for lack of personal jurisdiction, and to abstain [Doc. 23].[1] In summary, Defendant first argues the complaint fails to state a claim upon which relief may be granted because the alleged promise at issue was an unenforceable "agreement to agree" and the alleged contract is too indefinite to be enforced. Second, Defendant argues for abstention because no independent basis for jurisdiction – other than bankruptcy jurisdiction – exists. Finally, Defendant argues the Court lacks personal jurisdiction over him. Plaintiff C. Kenneth Still ("Trustee") has opposed the motion [Doc. 30]. For the reasons set forth below, the Court will **DENY** Defendant's motion.

---

[1] The pleadings concerning the motion to dismiss are filed in a most confusing manner. It appears the memorandum filed in support of the motion to withdraw the bankruptcy court reference [Doc. 15] is the supporting brief to the subsequently filed motion to dismiss. It appears Defendant may also be relying upon his affidavit, which was originally filed in support of a brief regarding abstention and personal jurisdiction [Docs. 10 & 10-1], with respect to certain aspects of the motion to dismiss.

**I.     BACKGROUND**

This complaint was originally filed in the United States Bankruptcy Court for the Eastern District of Tennessee on April 29, 2011, by the bankruptcy Trustee for Steve A. McKenzie ("McKenzie") [Doc. 14]. Trustee filed an adversary proceeding seeking the recovery of money or property for the McKenzie bankruptcy estate. Defendant demanded a jury trial and filed a motion to withdraw the reference to the bankruptcy court. The motion to withdraw the reference from the bankruptcy court, which was not opposed by Trustee, was granted. Subsequently, upon the parties' consent, this action was referred to the undersigned to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

For purposes of the instant motion, the Court will accept as true all well-pleaded facts in the complaint. *See Savoie v. Martin*, 673 F.3d 488, 492 (6th Cir. 2012). The complaint alleges that on or about December 28, 2007, Defendant made a request that McKenzie loan Defendant the sum of $398,689.45 for the purpose of paying certain indebtedness that Defendant, or entities affiliated with Defendant, allegedly owed to Integrity Bank in Georgia [Doc. 14, Page ID # 111, ¶ 5]. Attached to the complaint is an email string of communications by Defendant and others dated in late December of 2007 (the "email") concerning the alleged loan agreement [*id.*, Page ID # 114-18]. The complaint concedes Trustee has not been able to locate a promissory note or other writing, other than the email, which evidences an agreement for a loan or the terms of the loan [*id.*, Page ID # 111, ¶ 10]. The complaint alleges two state law causes of action: (1) debt owed and past due and (2) breach of contract [*id.*, Page ID # 112].

Defendant has submitted a declaration explaining, among other things, the background of the business dealings between himself and McKenzie [Doc. 10-1]. In essence, Defendant claims he

and McKenzie were never able to come to an agreement on the loan and McKenzie paid the bank on his own.

## II. ANALYSIS

### A. Personal Jurisdiction

A threshold issue raised in this case is whether the Court has personal jurisdiction over Defendant. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court . . . ."). Typically, a court can only exercise personal jurisdiction over an out-of-state defendant if he maintains "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). As properly and professionally acknowledged by Defendant, however, in cases with nationwide service of process under a federal statute such as this, the Sixth Circuit has rejected a personal jurisdiction test that would factor in a defendant's contacts with the forum and instead holds that personal jurisdiction depends on the defendant's contacts with the United States. *See United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993); *Redhawk Global, LLC v. World Projects Intern.*, ___ B.R. ___, 2013 WL 2948383, at *2-7 (S.D. Ohio June 14, 2013); *In re Thomas*, 315 B.R. 697, 702 (Bankr. N.D. Ohio 2004); *see also Medical Mutual of Ohio v. deSoto*, 245 F.3d 561, 566-67 (6th Cir. 2001). Acknowledging the precedent and preserving the issue for appeal, Defendant contends the precedent is wrongly decided and contrary to decisions of a minority of the circuit courts. The precedent, however, is binding on this Court and control the Court's finding of personal jurisdiction in this case, as acknowledged by Defendant.

3

It is undisputed that a national contacts test applies in the Sixth Circuit where, as here, the statute in question contained a national service of process provision. Defendant does not dispute he meets the national contacts test. Given Defendant's concession that personal jurisdiction is proper under the national contacts test, it is not necessary, or an efficient use of judicial resources, to address Trustee's additional arguments for the assertion of personal jurisdiction over Defendant based on his alleged contacts with the forum. Accordingly, that aspect of the motion to dismiss for lack of personal jurisdiction over Defendant will be denied.

B.      **Failure to State A Claim**

Assessment of the facial sufficiency of a complaint must ordinarily be undertaken without regard to matters outside the pleadings, but a court may "consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and alteration omitted). When a party presents material outside the pleadings in connection with its motion to dismiss, the court may convert the motion into a motion for summary judgment or exclude the appended material and consider the matter only on the pleadings. *See* Fed. R. Civ. P. 12(d); *Gunasekera v. Irwin*, 551 F.3d 461, 466 n.1 (6th Cir. 2009). In addressing the aspect of Defendant's motion that asserts a failure to state a claim, the Court will not consider Defendant's affidavit, but will instead consider only the complaint and attached email.

All pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). While Rule 8(a) does not require plaintiffs to set

4

forth detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, Rule 8(a) requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – that is, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 555 n.3 (2007). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is thus not a challenge to the plaintiff's factual allegations, but rather, a "test of the plaintiff's cause of action as stated in the complaint." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The reviewing court must determine not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679; *Twombly*, 550 U.S. at 570 (holding that a complaint is subject to dismissal where plaintiffs failed to "nudg[e] their claims across the line from conceivable to plausible"). Although a court must take all of the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678; *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Therefore, to survive a motion to dismiss under 12(b)(6), a plaintiff's "factual allegations must be enough to raise a right to relief

5

above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

The elements of a breach of contract action under Tennessee law[2] include: (1) existence of an enforceable contract (either oral or written), (2) non-performance amounting to a breach of the contract, and (3) damages caused by the breach. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005); *Lifecare Ctrs. of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996). Defendant argues the complaint fails to state a claim because the Trustee has failed to allege the existence of an enforceable contract since the email reflects merely an agreement to agree in the future and the alleged contract terms set forth in the email are too indefinite to be enforced.

Yet, the complaint alleges that Defendant made an unconditional promise to pay Plaintiff a sum certain, $199,344.73, on or before a date certain, February 28, 2008, with interest [Doc. 14, Page ID # 111-12, ¶¶ 8, 13, 15]. Defendant argues such allegations are misleading because there is no promissory note evidencing the alleged terms and the email does not provide certain terms, such as the year of the payment. Contrary to Defendant's argument, however, whether the allegations are misleading remains to be determined. For now, and in the context of a motion to

---

[2] It is not necessary to address any argument about whether Georgia or Tennessee law controls at this time because under either the existence of an enforceable contract is required. *Compare EnGenius Entertainment, Inc. v. Herenton*, 971 S.W.2d 12, 17-18 (Tenn. Ct. App. 1997) (complaint failed to state a cause of action for breach of contract where parties had not yet reached agreement on certain essential terms) and *Russell v. City of Atlanta*, 103 Ga. App. 365, 367, 119 S.E.2d 143 (1961) ("a contract to enter into a contract in the future is of no effect"); *also compare Doe v. HCA Health Servs. of Tennessee, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (contract indefiniteness may prevent the creation of an enforceable contract) and *Gardner v. Marcum*, 292 Ga. App. 369, 372, 665 S.E.2d 336, 339 (2008) (same).

dismiss, the Court must assume the allegations are true. Viewing the email and the allegations together and taking all allegations as true, Plaintiff's factual allegations of a debt and agreement are enough to raise a right to relief above the speculative level. Thus, the aspect of the motion to dismiss that asserts a failure to state a claim will be denied.

## C. Abstention

Although multiple briefs in this case, filed both before and after the reference to the Bankruptcy Court was withdrawn, discuss various forms of abstention, it appears Defendant is only contending that permissive abstention, not mandatory abstention, is proper in this case [See Doc. 15, Page ID # 201, n.2]. With respect to permissive abstention, a court may abstain from hearing a core or non-core proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

As argued by Defendant, under 28 U.S.C. § 1334 courts commonly examine the following factors to determine whether permissive abstention is proper:

> (1) the effect or lack thereof on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*In re Alliance Leasing Corp.*, Case No. 05-02397, 2007 WL 5595446 at *11-12 (Bankr. M.D. Tenn.

7

July 3, 2007). The above factors are not exclusive, and abstention is "ultimately one that should be balanced using a court's equitable discretion." *Id.* at *12.

Clumping several factors together, Defendant briefly argues this is a non-core matter exclusively dealing with Georgia state law issues related to Georgia loans for which the parties also agreed to resolve their disputes with Integrity Bank in Georgia. Defendant argues there is no independent basis for jurisdiction, other than bankruptcy jurisdiction. Defendant further argues this matter is remote from the McKenzie's bankruptcy case and that the Trustee is using a foreign forum to improperly pressure Defendant. The Defendant also notes a jury has been demanded.

Inexplicably, Trustee responded without a single citation to authority. Essentially, Trustees' arguments are that the Court has diversity jurisdiction and comity and state law concerns actually favor the position of the Trustee. Trustee notes, without any citation to the record, that there are no state law actions pending as all related cases with Integrity Bank have been resolved by final judgment.

Many of the factors noted above for permissive abstention appear to be mooted based on the withdraw of the bankruptcy reference, a fact not addressed by either party. For example, while state law issues predominate over bankruptcy issues in this matter, the bankruptcy reference has been withdrawn and this Court routinely addresses state law issues. There appears to be no particular difficulty or unsettled nature of the applicable law, be it Georgia or Tennessee law. *See In re Premier Hotel Dev. Grp.*, 270 B.R. 243, 256 (Bankr. E.D. Tenn. 2001) (noting "the state law issues which must be addressed in this action are not difficult or unsettled"). In fact, Defendant appears to concede there is little difference between Georgia and Tennessee law as pertinent to the causes of action alleged. While the jurisdictional basis, if any, other than 28 U.S.C. § 1334 appears to be

in dispute and, depending on the outcome of disputed facts, may favor abstention, the existence of a right to a jury trial, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, the substance rather than form of an asserted core proceeding, the feasibility of severing state law claims from core bankruptcy matters, and the burden on the bankruptcy court's docket do not appear to be factors given the withdrawal of the bankruptcy reference.

While Defendant makes an argument about the Trustee's intentions in pursing this claim, it does not appear the commencement of the McKenzie bankruptcy proceeding involved forum shopping and it is natural for the Trustee to bring an adversary action in the same court. It does appear that permissive abstention would adversely affect the efficient administration of the estate by causing the Trustee to engage in additional litigation in a foreign forum.

Significantly, the Court cannot determine if there is a pending related proceeding commenced in state court. Defendant has not indicated that any state court proceedings exist, stating only that "[t]he matter relates to Georgia loans for which the parties also agreed to resolve their disputes in Georgia" [Doc. 15 at Page ID # 201]. Plaintiff represents "[t]he related cases referred to by Defendant in state court in Georgia, although filed subsequent to this case, appear to have already gone to final judgment" [Doc. 30 at Page ID # 243]. Without more information about any relevant state proceedings that would make abstention more appropriate, this factor favors non-abstention. *See In re Weldon F. Stump & Co.*, 373 B.R. 823, 827 (Bankr. N.D. Ohio 2007) (stating "the presence of a related proceeding commenced and timely proceeding in a state-court forum is a prime consideration in any abstention analysis under § 1334(c)(1)"); *McDaniel v. ABN Amro Mortg. Grp.*, 364 B.R. 644, 655 (S.D. Ohio 2007) (noting that with no related proceedings in state court, the factor weighed in favor of non-abstention).

The Court also observes that permissive abstention is "'an extraordinary and narrow exception to the duty of the federal courts to adjudicate controversies which are properly before it.'" *In re Bavelis*, 453 B.R. 832, 881 (Bankr. S.D. Ohio 2011) (quoting *In re United Sec. & Commc'ns, Inc.*, 93 B.R. 945, 961 (Bankr. S.D. Ohio 1988)). Thus, having reviewed the factors and the parties' arguments, the Court concludes permissive abstention is not proper based on the current record.

### III. CONCLUSION

For the above reasons, Defendant's motion to dismiss for failure to state a claim, for lack of personal jurisdiction, and to abstain [Doc. 23] is **DENIED**. Within **five days** of the entry of this Order, the parties **SHALL** confer and jointly proposed to the Court (via email at lee_chamber@tned.uscourts.gov) dates concerning when they are available for a scheduling conference.

SO ORDERED.

ENTER:

                                        s/ *Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE